IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

AHMED ABDULAZIZ, an individual,

    Plaintiff,

v.

INDIAN RIVER TRANSPORT CO.,
a foreign corporation,

    Defendants.

Case No. 2:19-cv-00472-SU

**OPINION & ORDER**

SULLIVAN, United States Magistrate Judge:

Plaintiff has sued his former employer alleging a common law wrongful termination claim and three separate statutory claims under Or. Rev. Stat. §§ 652.355, 659A.030(f), and 659A.199. Defendant filed an answer asserting an affirmative defense that sought to preclude plaintiff's common law claim. Plaintiff filed a Motion to Strike Affirmative Defense within Answer to Complaint (doc. 14) under Rule 12(f). In response, defendant filed its own Motion to Strike *Plaintiff's* Motion to Strike (doc. 16).

Rule 12(f) provides, in relevant part, that a court may strike an insufficient defense or a redundant, immaterial, impertinent, or scandalous matter "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." *EEOC v. Fred Meyer Stores, Inc.*, 954 F. Supp. 2d 1104, 1112 (D. Or. 2013). Granting a motion to strike is within the discretion of the district court. *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993). Motions to strike are disfavored and should be granted only if it "can be shown that no evidence in support of the allegation would be admissible." *Pease & Curren Ref., Inc. v. Spectrolab, Inc.*, 744 F. Supp. 945, 947 (C.D. Cal. 1990) (internal quotation omitted), *abrogated on other grounds*, *Stanton Rd. Assocs. v. Lohrey Enters.*, 984 F.2d 1015 (9th Cir. 1993).

Defendant's answer includes the following affirmative defense: "Plaintiff fails to state a claim for common law wrongful discharge based on the existence of an adequate statutory remedy." Def.'s Answer at 16 (doc. 12). Plaintiff's motion argues that under Oregon case law, a common law remedy should only be precluded when the legislature's intent to preclude that remedy is clear and when the statutory remedy is adequate. *See* Pl.s' Br. at 6 (doc. 14) ("As set out by the Oregon Supreme Court, this test for preclusion has two prongs: a finding of an adequate statutory remedy, and a finding that the legislature intended to abrogate the common-law remedy."). Thus, plaintiff argues that defendant's affirmative defense should be stricken because, although federal courts have held that Oregon's wrongful

termination statutes preclude bringing a similar common law claim, that those cases are nonetheless based on a misreading of relevant Oregon Supreme Court case law.

Defendant's motion to strike argues that plaintiff's motion should be stricken for two reasons. First, because plaintiff failed to engage in a good-faith conferral with defendant before filing the motion as required by LR 7-1. Second, because case law in the District of Oregon has held that the statutory provisions relied on by plaintiff provide a sufficient remedy to preclude a similar common law wrongful termination remedy. *See Lindsey v. Clatskanie People's Util. Dist.*, 140 F. Supp. 3d 1077, 1096 (D. Or. 2015) (ORS § 659A.030 provides adequate statutory remedies and precludes plaintiffs common law wrongful discharge claim); *Wall v. Sentry Ins.*, No. 3:14-CV-01887-SI, 2015 WL 350683, at *2-3 (D. Or. 2015) (explaining the same); *Luke v. Target Corp.*, No. 3:18-CV-381-SI, 2018 WL 2144347, at *2 (D. Or. 2018) (holding that "a common law wrongful discharge claim provides the same remedies as a whistleblower retaliation claim under Or. Rev. Stat. § 659A.199 and that two claims cannot be pursued simultaneously when based upon the same conduct") (citing *Tornabene v. Nw. Permanente*, P.C., 156 F. Supp. 3d 1234, 1252 (D. Or. December 28, 2015); *Duran v. Window Products, Inc.*, 2010 WL 6420572, at * 5 (D. Or. Dec. 22, 2010).

Neither motion to strike will be granted at this time. As I explained during the hearing held on June 26, 2019, a motion to strike is not the proper vehicle for disagreeing with the merits of an affirmative defense. If plaintiff disagrees with the

substance of an affirmative defense, he is free to raise the issue later on in the litigation. Thus, plaintiff's motion to strike is denied.

As for the LR 7-1 violation, defendant requests an order reimbursing it for the reasonable fees and costs incurred by having to file its own motion to strike and response to plaintiff's motion. The Court has instructed the parties to engage in adequate conferral under LR 7-1. Consultation must be done in good faith, which means done with a view to resolving the issue to not require the unnecessary motions and briefing. However, plaintiff's behavior here does not warrant the drastic remedy requested by defendant.

For the foregoing reasons, plaintiff's motion to strike (doc. 14) is DENIED and defendant's motion to strike plaintiff's motions (doc. 16) is DENIED AS MOOT.[1]

IT IS SO ORDERED.

DATED this 3rd day of July, 2019.

/s/ Patricia Sullivan
PATRICIA SULLIVAN
United States Magistrate Judge

---

[1] The Court ordered defendant to file an Amended Answer including a more complete articulation of its affirmative defense within 10 days. The Amended Answer has been filed (doc. 28).